IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEI & CHRIS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | Case No. 25-cv-3291<br><br>**FILED UNDER SEAL PURSUANT LOCAL RULE 26.2**<br><br>**COMPLAINT**<br><br>Complaint Filed: March 27, 2025 |

**COMPLAINT**

**FILED UNDER SEAL PURSUANT TO LOCAL RULE 26.2**

Plaintiff KEI & CHRIS LLC ("Plaintiff") hereby brings the present action against the Corporations, Partnerships and Unincorporated Associations identified on **Schedule A** attached hereto (collectively, "Defendants") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. §106, *et seq*, 28 U.S.C. §§1331 and 1338(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(a). In this copyright action, venue is proper in any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. §1391(b)(3). On information and belief, Defendants are not residents in the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. §1391(c)(3).

1

3. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-commerce stores[1] operating listed on e-commerce platforms under the seller aliases identified in Schedule A attached hereto (the "Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores on e-commerce platforms, such as Amazon, Temu, Alibaba, and Walmart. On information and belief, Defendants have sold products featuring Plaintiff's copyrighted design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

4. Plaintiff files this action against the Defendants listed in Schedule A for the alleged infringement upon Plaintiff's registered copyrights (hereinafter, "Copyrights"). Defendants in this action set up e-commerce stores on e-commerce platforms, such as Amazon.com and operate such stores using one or more of their Aliases. Defendants are engaged in the making, marketing, shipping, using, offering to sale, selling, and/or import to the United States for subsequent sale or use of certain unauthorized and unlicensed products that look almost identical to the products sold by Plaintiff. Plaintiff alleges that Defendants' actions constitute infringement upon Plaintiff's Copyrights, and negatively impact Plaintiff's goodwill and business reputation.

## III. THE PARTIES

---

[1] The e-commerce store URLs are listed on Scheduled A hereto under the Online Marketplaces.

5. Plaintiff is a Domestic Limited Liability Company (LLC) registered in Texas with its principal place of business located in Garland, Texas.

6. Defendants are individuals and business entities that own and operate one or more of the e-commerce stores with or under the Aliases identified on Schedule A.

7. On information and belief, defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b). Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated to the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding the Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

## IV. GENERAL FACTS

8. Plaintiff is ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Over time, the plaintiff has become a well-known vendor for ▆▆▆▆▆▆ on various e-commerce platforms.

9. Plaintiff began creating ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. In ▆▆▆▆, Plaintiff filed applications for copyright protection in the U.S.

3

for its designs. Plaintiff's applications were granted. Attached to this Complaint as <u>Exhibit 1</u> are true and correct copies of the Certificate of Registration. Under the ████████████ ████████████████████████████████████ are under copyright protection. ████ ████████████████████████████████████████████████ As reflected by <u>Exhibit 1</u>, Plaintiff is the owner of the copyrights, and the copyrights are valid and enforceable.

10. Recently, Plaintiff have discovered some fully interactive, and active e-commerce stores were promoting, advertising, marketing, distributing, offering for sale, and selling products using unauthorized copies of Plaintiff's federally registered copyrighted work (the "Unauthorized Ornamental Products") through at least the fully interactive e-commerce stores operating under the seller aliases identified in <u>Schedule A</u>. (the "Seller Aliases")

11. Plaintiff has compiled the <u>Schedule A</u> to include the e-commerce stores that have been selling Unauthorized Ornamental Products as the intended Defendants.

12. Defendants, using one or more Aliases, have targeted sales to Illinois residents by opening and operating ecommerce stores that target United States consumers. Defendants also offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Unauthorized Ornamental Products to the residents of Illinois.

13. Defendants operating under the Seller Aliases are sophisticated sellers. They operate e-commerce stores, engage in marketing and sales activities, and accept payments in U.S. dollars via credit cards, Alipay, Amazon Pay, Zelle, Venmo, and/or PayPal. Defendants' stores look like Plaintiff's store. Defendants' e-commerce websites include similar elements and keywords like Plaintiff's store. Defendants sell Unauthorized Ornamental Products that have similar designs to Plaintiff's copyrighted designs. To the consumers at large, it would be

impossible to differentiate the said Unauthorized Ornamental Products from Plaintiff's products from the copyrighted designs. It would also be impossible for the consumers to realize that the Defendants did not have the authorization to market, offer to sell, or sell the products with copyrighted designs.

14. Third-party platforms like Amazon.com do not require the sellers to verify their identities beyond their provision of the Aliases. This lack of requirement for identity verification creates loopholes for Defendants to utilize. On information and belief, many of the Defendants would register multiple Aliases through the platforms and market and sell products via the multiple accounts registered with the Aliases. This tactic allows Defendant to hide their true identities and scope of their business. In addition, this tactic allows Defendants to avoid lawsuits and legal liabilities. For example, when a claimant (similar to the Plaintiff here) discovered a tort or infringement committed by a particular Aliases, the claimant may try to allege the claims against the individual/entities behind the Aliases. Then, the individual/entity may well close the Alias, and quickly moves to the next Alias and account, and avoid the liabilities associated with the previous Alias. For the claimant (and the true holders of the rights), it will be a forever-lasting "Wack-A-Mole" game for copyright owners and creates no deterrence for infringing the copyrights.

15. The defendants are proper joinders of the action at this preliminary pre-discovery stage. Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Substantial evidentiary overlap is required to find a similar transaction or occurrence to find a joinder proper. *See Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab.*

*Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 23 C 17036, 2024 WL 1858592, at 6 (N.D. Ill. Apr. 29, 2024). Despite the challenges in obtaining the true identities of the Defendants due to their use of Aliases and the lack of stringent identity verification by third-party platforms, Plaintiff has observed that Defendants share unique identifiers that suggest a strong connection between them[2]. These identifiers include the use of similar marketing strategies, consistent elements in the design and decor of their e-commerce stores, identical or similar payment methods, and comparable product descriptions, prices, and images. The chart below shows some representatives of the Defendants. Apart from the same product images, they also share similar and even identical descriptions. The evidence suggests that the Defendants are not independent of each other.

---

[2] The unique identifiers are not just common elements visible in ordinary online stores. The Court shall not assume coincidence between Defendants and construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))



16. On information and belief, Plaintiff has reasonable believe that the majority of Defendants source their products from a common origin on the 1688 platform, a widely recognized B2B e-commerce marketplace in China. After Plaintiff launched and began selling its products on its own website, manufacturers started to produce counterfeit versions and subsequently marketed these Unauthorized Ornamental Products on the 1688 platform. The nature of this platform, particularly the "dropshipping" feature (where sellers can list and sell products from various sources, and upon receiving an order, the source seller directly ships the product to the buyer), has facilitated the establishment of a complex and layered distribution network that is difficult to trace back to its origin. Although Defendants may not be personally acquainted with one another, their

actions have inadvertently formed a connected distribution network that collaboratively contributes to the infringement of Plaintiff's rights.

17. On information and belief, Defendants have leveraged tools such as DataCaciques and MangoERP, which employ web crawler to scrape product descriptions, images and other contents from one another's selling webpages. This practice aligns with the "swarm" theory that the counterfeiters joined as defendants using internet to cause mass harm anonymously and connected in purpose. *See Bose Corp. v. P'ships, et al.*, 334 F.R.D. 511 (N.D. Ill. 2020). Although the Defendants may not have knowingly coordinated with each other, their collective actions have inadvertently formed a distribution network that harms Plaintiff's rights, making them participants and representatives of this network. This mirrors the Court's requirement in *Toyota Motor Sales, USA, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, where a "rim" connected the defendants using a common tool or method. No. 24-cv-09401 (N.D. Ill. Nov. 18, 2024) (in *Bose*, the rim that connected the individuals who used BitTorrent to either upload or download copyright-protected materials was plain. At some point, someone uploaded the copyrighted file for others to download, which led to a series of downloads, i.e. occurrences, traceable back to that original upload.") Here, the rim connecting the Defendants is the original selling webpage from which they have copied the product descriptions, images, and other content. Coupled with the "dropshipping" feature mentioned in Section 16, which allows for the listing and sale of products from various sources with direct shipping from the source seller, Plaintiff has reason to believe that a vast distribution network of Unauthorized Ornamental Products exists. Further evidence of this network is anticipated to be uncovered during the Discovery phase.

18. The joinder issue also depends on whether "all the defendants used and sold the same [copyrighted] images." *H-D U.S.A. v. P'ships & Unincorporated Ass'ns Identified on*

*Schedule "A"*, No. 21-CV-01041, 2021 WL 780486, at 3 (N.D. Ill. Mar. 1, 2021). In this case, the defendants have infringed the same image copyrighted by the Plaintiff, which gave rise to the same occurrence of relief sought. In assessing whether the joinders are permissive, the court should consider "the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007) The Plaintiff alleges the claims against the Defendants with the same factual and legal backgrounds with the same nature of claims, and is seeking a similar relief among the claims, which satisfies the condition required for joinders. *See Weifang Tengyi Jewelry Trading Co. Ltd v. The P'ships, et al.*, No. 1:18-cv-04651 (N.D. Ill. July 5, 2018) (unpublished) (Docket No. 150) ("[Plaintiff's] claims against [Defendants] rest in substantial part on the same legal and factual grounds as [Plaintiff's] claims against the other defendants, including that [Defendants] were involved in a counterfeiting network with the other defendants. Given the nature of [Plaintiff's] claims, joinder is proper under Civil Rule 20(a)(2).")

19. Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Ornamental Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Copyrights. Each e-commerce store operating under the Alias offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Unauthorized Ornamental Products into the United States and Illinois over the Internet.

20. Defendants' infringement of the Plaintiff's Designs in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use

of the Unauthorized Ornamental Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Unauthorized Ornamental Products into Illinois, is irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF UNITED STATES COPYRIGHT
### (17 U.S.C §§106 and 501)

21. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

22. Plaintiff is the owner and exclusive licensee of the Copyrights. Plaintiff's exclusive rights include the rights to issue licenses, to reproduce work, to distribute copies of the copyrighted works, to display works, and to authorize the creation of derivative works, which also includes using copyrighted design on other commercial products.

23. Defendants have infringed Plaintiff's Copyrights by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Unauthorized Ornamental Products that uses Plaintiff's copyrighted designs protected by Copyrights.

24. In other words, Defendants have infringed Plaintiff's Copyrights by reproducing and using Plaintiff's copyrighted designs on their Unauthorized Ornamental Products for sale and profits.

25. Under Section 106 of Copyright Act, 17 U.S.C. §106, Plaintiff has the exclusive rights, among others, to reproduce and distribute the copyrighted design, including using the designs on its Products, and to permit the creation of derivative works incorporating the designs, as well as the right to authorize others to exercise any of the rights.

26. Defendants have infringed many of the exclusive rights set forth in 17 U.S.C. §106. Among other things, Plaintiff has made unauthorized reproductions, including using and

10

reproducing the copyrighted designs on their Unauthorized Ornamental Products for sale and profits, as well as the subsequent making, selling, offer to sell, shipping, and importing to the United States of the Unauthorized Ornamental Products. Such conduct constitutes copyright infringement pursuant to 17 U.S.C §§ 106 *et seq.*

27. Defendants have infringed Plaintiff's Copyrights and will continue to infringe the said Copyrights unless enjoined by the Court.

28. Plaintiff's Products are the original work fixed in a tangible medium of expression and is a copyrightable subject matter within the meaning of Section 102 of the Copyright Act.

29. Defendants' conduct constitutes a separate and distinct act of infringement.

30. Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

31. Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, including Defendants' profits pursuant to 17 U.S.C. §106 *et seq*. Plaintiff is entitled to recover other damages, including attorney's fees, and punitive damages pursuant to 17 U.S.C. §106.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not expressly authorized by Plaintiff and that include

any reproduction, copy or colorable imitation of the design claimed in the Copyrights;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Copyrights; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Taobao, T-Mall (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental design claimed in the Copyrights;

(3) That Plaintiff be awarded such damages proven at trial against Defendants.

(4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

(5) Award any and all other relief that this Court deems just and proper.

Dated March 27, 2025.

                                                       Respectfully submitted
                                                       By: /s/ *Huicheng Zhou*
                                                       One Park Plaza, #600
                                                     Huicheng.zhou@aliothlaw.com
                                                     *Attorney for Plaintiff*