IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEI & CHRIS LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　Defendants. | Case No. 25-cv-03291<br><br>Complaint Filed: March 27, 2025 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL AND/OR REDACTED DOCUMENTS FOR GOOD CAUSE**

Plaintiff, by counsel, hereby moves for leave to file the following documents under seal: (1) Schedule A to the Complaint, which includes a list of Aliases used by Defendants; (2) Exhibit 1 to the Complaint, which includes a patent registration; and (3) the redacted portions in the Complaint.

The Courts frequently seal documents in intellectual property infringement cases during e-commerce to preclude the defendant from obtaining the details case of the case, including the infringed copyright information and the defendants' information until its assets can be restrained or seized. *See, e.g., Chrome Cherry Ltd. v. Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 21-CV-05491, 2021 WL 6752296 (N.D. Ill. Oct. 20, 2021); *see also Trademark Rightsholder Identified in Exhibit 1 v. Partnerships and Unincorporated Associations Identified on Schedule "A"*; No. 23-cv.16216. And the reason is because sealing these portions of the documents are necessary to prevent Defendants from learning the existence of the case and from taking countermeasures to close the shops prior to the execution of the temporary restraining order.

1

In determining whether to seal a document, the Court must independently determine whether "good cause" exists to seal the requested information from the public record. See Fed. R. Civ. P. 26(c); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). The Court found good cause and granted the motion to file under seal the list of defendants and *ex parte* motion for a temporary restraining order in a case where the plaintiff filed an action to combat the defendants' infringement of its patented design by creating e-commerce stores that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products to unknowing consumers. *Chrome Cherry Ltd.*, 2021 WL 6752296, at 2.

Combating intellectual infringement, especially copyright infringement in today's e-commerce environment has proven to be increasingly difficult. If the portions requested were not sealed, then Defendants may take the following actions: (1) closing the e-commerce stores; (2) transferring the money/assets out; (3) opening new stores to continue the infringing activities. Even worse, these defendants may disclose and spread information to other stores that sell infringing products, leaving Plaintiff no way to recover the economic loss. Then the case will become a forever-going whack-a-mole game wherein Plaintiff may be able to obtain paper judgment but will never be able to obtain actual damages for the huge economic loss. In this kind of cases, Plaintiff is "in the light" and Defendants" are "in the dark".

Accordingly, Plaintiff respectfully requests by leave to temporarily file under seal and/or file redacted versions of the following documents: (1) Schedule A to the Complaint, (2) Exhibit 1 to the Complaint, and (3) the redacted portions in the Complaint. Once the temporary restraining order has been served to the relevant parties and the requested actions are taken, these documents could be unsealed.

Dated March 27, 2025.

                                                    Respectfully submitted
By: /s/ *Huicheng Zhou*
One Park Plaza, #600
Irvine, CA 92614
Huicheng.zhou@aliothlaw.com
*Attorney for Plaintiff*

.