**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEI & CHRIS LLC, | Case No. 1:25-cv-03291 |
| Plaintiff, | **FILED UNDER SEAL PURSUANT LOCAL RULE 26.2** |
| v. | **COMPLAINT** |
| THE DEFENDANT IDENTIFIED ON SCHEDULE "A", | |
| Defendant. | Complaint Filed: |

## COMPLAINT

### FILED UNDER SEAL PURSUANT TO LOCAL RULE 26.2

Plaintiff KEI & CHRIS LLC ("Plaintiff") hereby brings the present action against the Defendant identified on **Schedule A** attached hereto ("Defendant") and alleges as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. §106, *et seq*, 28 U.S.C. §§1331 and 1338(a).

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 and 1400(a). In this copyright action, venue is proper in any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. §1391(b)(3).

3.    This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-commerce store operating under the seller alias identified

1

on Schedule A attached hereto (the "Alias"). Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce store on Walmart. On information and belief, Defendant has sold products featuring Plaintiff's copyrighted design to residents of Illinois and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II.     INTRODUCTION

4.       Plaintiff files this action against Defendant for the alleged infringement upon Plaintiff's registered copyrights (hereinafter, "Copyrights"). Defendant set up e-commerce stores on e-commerce platforms Walmart. Defendant has engaged in the making, marketing, shipping, using, offering to sale, selling, and/or import to the United States for subsequent sale or use of certain unauthorized and unlicensed products that look almost identical to the products sold by Plaintiff. Plaintiff alleges that Defendant's actions constitute infringement upon Plaintiff's Copyrights, and negatively impact Plaintiff's goodwill and business reputation.

## III.     THE PARTIES

5.       Plaintiff is a Domestic Limited Liability Company (LLC) registered in Texas with its principal place of business located in Garland, Texas.

6.       Defendant is a business entity that own and operate e-commerce store under the Alias identified on Schedule A.

7.       On information and belief, Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b). The Alias under which Defendant operates the e-commerce store is not linked or associated to the true name of Defendant as a general practice for online sellers. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain

such information regarding the Defendant's true identity. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

## IV.    GENERAL FACTS

8.      Plaintiff is a creative design company specializing in designing and commercializing 2-D artworks into products including but not limited to furniture, paintings and decorations. Over time, the plaintiff has become a well-known vendor for specific products using the designs on various e-commerce platforms.

9.      Plaintiff began creating the symmetrical, geometric design in 2018. It resembles a stylized tree or pyramid, composed of interconnected polygons, primarily hexagons and triangles as Exhibit 1. This masterful interplay of shapes, symmetry, and varying densities showcases a sophisticated balance between order and detail, resulting in a visually captivating and intricately layered composition. In May 2024, Plaintiff filed applications for copyright protection in the U.S. for its designs. Plaintiff's applications were granted. Attached to this Complaint as Exhibit 1 are true and correct copies of the Certificate of Registration. Under the Certificate of Registration, the 2-D artwork or pictorial or graphic works of the Products are under copyright protection. The Registration Numbers are VA 2-408-545 and VA 2-408-186 (the "Copyrighted Design"). As reflected by Exhibit 1, Plaintiff is the owner of the copyrights, and the copyrights are valid and enforceable.

10.     Recently, Plaintiff has discovered that Defendant was promoting, advertising, marketing, distributing, offering for sale, and selling products using unauthorized copies of Plaintiff's federally registered copyrighted work (the "Unauthorized Ornamental Products"). Defendant's infringement of the Plaintiff's Designs is irreparably harming Plaintiff.

3

## COUNT I
## INFRINGEMENT OF UNITED STATES COPYRIGHT
### (17 U.S.C §§106 and 501)

11.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

12.     Plaintiff is the owner and exclusive licensee of the Copyrights. Plaintiff's exclusive rights include the rights to issue licenses, to reproduce work, to distribute copies of the copyrighted works, to display works, and to authorize the creation of derivative works, which also includes using copyrighted design on other commercial products.

13.     Defendant has infringed Plaintiff's Copyrights by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Unauthorized Ornamental Products that uses Plaintiff's copyrighted designs protected by Copyrights.

14.     In other words, Defendant has infringed Plaintiff's Copyrights by reproducing and using Plaintiff's copyrighted designs on their Unauthorized Ornamental Products for sale and profits.

15.     Under Section 106 of Copyright Act, 17 U.S.C. §106, Plaintiff has the exclusive rights, among others, to reproduce and distribute the copyrighted design, including using the designs on its Products, and to permit the creation of derivative works incorporating the designs, as well as the right to authorize others to exercise any of the rights.

16.     Defendant has infringed many of the exclusive rights set forth in 17 U.S.C. §106. Among other things, Plaintiff has made unauthorized reproductions, including using and reproducing the copyrighted designs on their Unauthorized Ornamental Products for sale and profits, as well as the subsequent making, selling, offer to sell, shipping, and importing to the

4

United States of the Unauthorized Ornamental Products. Such conduct constitutes copyright infringement pursuant to 17 U.S.C §§ 106 *et seq.*

17.     Defendant has infringed Plaintiff's Copyrights and will continue to infringe the said Copyrights unless enjoined by the Court.

18.     Plaintiff's Products are the original work fixed in a tangible medium of expression and is a copyrightable subject matter within the meaning of Section 102 of the Copyright Act.

19.     Defendant's conduct constitutes a separate and distinct act of infringement.

20.     Defendant's conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

21.     Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, including Defendant's profits pursuant to 17 U.S.C. §106 *et seq*. Plaintiff is entitled to recover other damages, including attorney's fees, and punitive damages pursuant to 17 U.S.C. §106.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not expressly authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Copyrights;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the

Copyrights; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Walmart (the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the ornamental design claimed in the Copyrights;

(3) That Plaintiff be awarded such damages proven at trial against Defendant.

(4) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action; and

(5) Award any and all other relief that this Court deems just and proper.

Dated March 27, 2025.

Respectfully submitted
By: /s/ *Huicheng Zhou*
One Park Plaza, #600
Huicheng.zhou@aliothlaw.com
*Attorney for Plaintiff*